**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 23, 2017

LETTER TO COUNSEL

      RE:    *Eugene Tanzymore v. Commissioner, Social Security Administration*;
                Civil No. SAG-16-2711

Dear Counsel:

      On July 28, 2016, Plaintiff Eugene Tanzymore petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

      Mr. Tanzymore filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on September 28, 2012, and October 1, 2012, respectively. (Tr. 225-32). His claims were denied initially and on reconsideration. (Tr. 120-24, 130-33). A hearing was held on January 5, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 42-67). Following the hearing, the ALJ determined that Mr. Tanzymore was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-41). The Appeals Council denied Mr. Tanzymore's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. Tanzymore suffered from the severe impairments of "obesity, asthma, depressive disorder, bipolar disorder and a personality disorder." (Tr. 21). Despite these impairments, the ALJ determined that Mr. Tanzymore retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a) except he can never climb ladders, ropes, scaffolds, ramps or stairs, kneel, crouch or crawl and can occasionally balance and stoop. The claimant would require the use of a cane at all times to stand and walk, and must avoid concentrated exposure to extreme cold, extreme heat, humidity and air pollutants such as fumes. The claimant can understand, remember and carryout [*sic*] simple instructions, cannot perform pace work and can have occasional contact with supervisors and coworkers.

(Tr. 26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Tanzymore could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 35-36).

Mr. Tanzymore raises three primary arguments on appeal: (1) that the ALJ failed to find Mr. Tanzymore's alleged "bilateral knee osteoarthritis and lumbar pain" to be severe impairments; (2) that the ALJ's RFC assessment is not supported by substantial evidence; and (3) that the ALJ's holding runs afoul of the 4th Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). Pl. Mot. 11-18. Each argument lacks merit and is addressed below.

First, Mr. Tanzymore contends that the ALJ erred by not determining that his "bilateral knee osteoarthritis and lumbar pain" constitutes severe impairments. Pl. Mot. 11-14. At Step Two, the ALJ must determine whether the claimant has a severe impairment. *See* 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(a)(4)(ii). An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *See Johnson v. Astrue*, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Here, the ALJ thoroughly considered Mr. Tanzymore's "bilateral knee osteoarthritis and lumbar pain" at Step Two. (Tr. 21-22). Specifically, in a detailed analysis, the ALJ noted that Mr. Tanzymore "displayed a normal gait, normal alignment and mobility of his spine and normal range of motion and strength in all four extremities during…examinations." (Tr. 21). In addition, the ALJ noted that Mr. Tanzymore "denied any pain," "tingling[,] or numbness in his extremities," and "admitted that he was not taking any medication for his pain." *Id.* Moreover, the ALJ noted objective medical testing of Mr. Tanzymore's knees revealed only "mild" osteoarthritis and effusion. *Id.* Accordingly, the ALJ fairly concluded that the impairments had no more than a *de minimis* effect on his ability to work. *Id.* Moreover, even if the ALJ had erred in her evaluation of Mr. Tanzymore's "bilateral knee osteoarthritis and lumbar pain" at Step Two, such error would be harmless. Because Mr. Tanzymore made the threshold showing that his obesity, asthma, depressive disorder, bipolar disorder, and personality disorder constituted severe impairments, the ALJ continued with the sequential evaluation process and properly considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Tanzymore's ability to work. *See* 20 C.F.R. §§ 404.1523, 416.923. In particular, Mr. Tanzymore's knee and back pain were addressed in the RFC analysis. (Tr. 34). Any Step Two error, then, does not necessitate remand.

Second, Mr. Tanzymore contends that the ALJ failed to properly assign weight to several medical opinions. Pl. Mot. at 14-16. Specifically, he contends that the ALJ erred in evaluating the opinion of his treating psychiatrist, the opinion of his nurse practitioner, and his GAF scores. Beginning with his treating psychiatrist, Mr. Tanzymore contends that the ALJ failed to properly evaluate Dr. Stagg's opinion. Pl. Mot. 16-17. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, where a treating source's opinion is not supported by clinical evidence

*Eugene Tanzymore v. Commissioner, Social Security Administration*
Civil No. SAG-16-2711
March 23, 2017

or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

In this case, although the ALJ assigned Dr. Stagg's opinion "great" evidentiary weight, Mr. Tanzymore contends that the ALJ erred in rejecting Dr. Stagg's assessment that "[he] has some grooming impairment." (Tr. 33). However, contrary to Mr. Tanzymore's assertion, the ALJ properly evaluated Dr. Stagg's opinion. The ALJ noted that "there is no support for Dr. Stagg's assessment that [Mr. Tanzymore] has some grooming impairment." *Id.* The ALJ also noted that Dr. Stagg's assertion "is vague and is not consistent with the record as a whole, which largely indicated that [Mr. Tanzymore] displayed appropriate dress and was well groomed." *Id.* Although the ALJ acknowledged that "[Mr. Tanzymore] was poorly kept at times," the ALJ also noted that "it seemed to coincide with when he was residing on the street." *Id.* Moreover, substantial evidence elsewhere in the record belies Dr. Stagg's assertion, including the fact that Mr. Tanzymore "is independent in his personal care," "go[es] outside alone," "perform[s] light cooking and cleaning," and "appeared well groomed and appropriately dressed" on examination. (Tr. 28). These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to reject Dr. Stagg's assertion regarding Mr. Tanzymore's alleged grooming impairment.

Next, Mr. Tanzymore argues that the ALJ assigned inadequate weight to the opinion of his treating nurse practitioner, Ms. Sampson. Pl. Mot. 17. As an initial matter, Ms. Sampson, a certified registered nurse practitioner, is not an acceptable medical source. Pl. Mot. 9. Because a CRNP is not an "acceptable medical source," Ms. Sampson cannot give a "medical opinion" or be considered a treating source. Social Security Ruling ("SSR") 06-3P. Whether a source is an "acceptable medical source" or not is a factor that may be considered in assigning weight to that source's opinion. *Id.* However, the opinion of a non-acceptable medical source, such as a CRNP, is relevant in determining the severity of an impairment and its impact on an individual's ability to function. *Id.* SSR 06-3P explains that the same factors that apply to evaluating the opinions of medical sources apply to evaluating the opinions of other sources. *Id.*

Contrary to Mr. Tanzymore's assertion, the ALJ cited a variety of those factors as reasons to discount Ms. Sampson's evaluation of Mr. Tanzymore's physical capacity. (Tr. 19). Ms. Sampson opined that Mr. Tanzymore "can lift 15 pounds occasionally, ten pounds frequently, requires the use of a cane, can stand/walk and sit for one-hour each, out of an eight-hour workday, needs frequent breaks, has postural and environmental limitations and that his ability to push/pull, feel, reach and handle are affected." (Tr. 32). However, the ALJ assigned Ms. Sampson's opinion "little weight" because it was inconsistent with the medical evidence and

unsupported by the objective record. (Tr. 32-33). Specifically, the ALJ noted that "[a]lthough Ms. Sampson correctly assessed [Mr. Tanzymore's] ability to lift/carry, as well as the fact that he needs a cane, and assigned postural and environmental limitations, the remainder of her assessment overstates [his] limitations and are not supported by the record." (Tr. 32). In addition, the ALJ noted that Ms. Sampson's assessment was inconsistent with the objective medical findings, including "largely unremarkable" physical examinations "revealing a normal gait, normal spinal alignment and mobility and normal range of motion and strength in all four extremities." (Tr. 32-33). Moreover, the ALJ noted that "Ms. Sampson did not cite to any treatment or examination notes for her support, which as discussed above, do not support the majority of her assessment." (Tr. 33). Accordingly, the ALJ concluded that, "[g]iven these largely unremarkable physical examinations and diagnostic imaging, there is no support for these strict limitations imposed by Ms. Sampson[.]" *Id.* Thus, the ALJ did not simply reject Ms. Sampson's opinion as an opinion from a non-acceptable source, but engaged in an appropriate analysis of the merits of her opinion in light of the other evidence of record.

Turning to the global assessment records, Mr. Tanzymore contends that the ALJ erred in assigning "no weight" to Mr. Tanzymore's GAF scores ranging below 50 and "moderate weight" to his GAF scores ranging from 51 to 65. Pl. Mot. 15. Importantly, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Thus, even if there is other evidence that may support Mr. Tanzymore's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, I find that the ALJ provided substantial evidence in rejecting the GAF scores below 50. In his discussion of the opinion evidence, the ALJ stated that, "[n]o weight is afforded to the [GAF] scores [below 50] assessed throughout the record, as they overstate [Mr. Tanzymore's] limitations and are not supported by the record as a whole." (Tr. 33). To the contrary, the ALJ found that "the record as a whole supports a finding of no more than mild restriction in activities of daily living and moderate difficulties maintaining social functioning and concentration, persistence or pace." *Id.* However, the ALJ assigned "moderate weight" to Mr. Tanzymore's GAF scores above 50 because "they are consistent with the record as a whole" and "reflect [his] condition after he received appropriate treatment." (Tr. 34). As a result, the ALJ concluded that Mr. Tanzymore's "mental health improved with treatment," and did not "preclude him from all work activity." *Id.* Furthermore, while nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record, it is well established that GAF scores are not determinative of disability. *See, e.g., Davis v. Astrue*, Case No. JKS-09-2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010); *Kozel v. Astrue*, No. JKS-10-2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012). Accordingly, I find that the ALJ adequately analyzed Mr. Tanzymore's GAF scores and provided substantial evidence in support of her conclusions regarding Mr. Tanzymore's mental RFC.

Finally, Mr. Tanzymore contends that the ALJ's RFC assessment did not comport with the Fourth Circuit's ruling in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). Pl. Mot. 1. Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental

limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (internal quotation marks omitted)). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Here, the ALJ expressly limited Mr. Tanzymore from performing "pace work." (Tr. 26). This Court has held that such a limitation is adequate under *Mascio*. *See Davis v. Comm'r, Soc. Sec. Admin*., 2016 WL 3814929, at *2 (D. Md. July 12, 2016); *Raeke v. Comm'r, Soc. Sec*., 2016 WL 892856, at *3 (D. Md. Mar. 9, 2016); *Brown v. Comm'r, Soc. Sec. Admin*., No. SAG-16-0074, 2016 WL 5404171, at *2 (D. Md. Sept. 27, 2016). In this case, in particular, the ALJ described her reasons for concluding that Mr. Tanzymore had the ability to concentrate and sustain work, such that a restriction to no "pace work" would sufficiently address his "moderate difficulties." (Tr. 25). Consequently, Mr. Tanzymore's assertion that the ALJ erred by failing to properly account for his limitations in concentration, persistence, or pace is without merit.

For the reasons set forth herein, Mr. Tanzymore's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 15) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge